SALLY S. BENSON, FORMERLY SALLY SIMONS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Benson v. Commissioner
Docket No. 7220-87.
United States Tax Court
T.C. Memo 1987-612; 1987 Tax Ct. Memo LEXIS 657; 54 T.C.M. (CCH) 1328; T.C.M. (RIA) 87612; December 16, 1987; As amended December 17, 1987 *657 Patrick J. Casey, for the petitioner. Mitchell I. Horowitz, for the respondent. WRIGHT
MEMORANDUM OPINION WRIGHT, Judge: This matter is before the Court on respondent's motion for partial summary judgment pursuant to Rule 121. [1] Petitioner has not filed a response to this motion. By notice of deficiency dated December 19, 1986, respondent determined a deficiency in petitioner's 1980 Federal income tax in the amount of $ 7,594.81. Respondent's motion for partial summary judgment raises the issue of whether a letter sent by petitioner to respondent effectively terminated an agreement to extend the time to assess tax. Under Rule 121(b), a motion for summary judgment may be granted when the moving party shows that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. . None of the facts relevant to the termination issue are in dispute. All pertinent facts are set forth below. At the time of filing the petition herein, Sally S. Benson (petitioner) *658 had a business address in West Palm Beach, Florida. Petitioner filed a Federal income tax return for the taxable year 1980 on or before August 10, 1981. On June 5, 1984, respondent and petitioner timely executed Form 872-A, "Special Consent to Extend the Time to Assess Tax," thereby agreeing to extend the period of limitations indefinitely for the assessment of petitioner's 1980 income tax liabilities. That form provided that the extended period of limitations would terminate 90 days after: (1) the Internal Revenue Service (IRS) received Forms 872-T, "Notice of Termination of Special Consent to Extend the Time to Assess Tax," from petitioner; or (2) the IRS executed and mailed Forms 872-T to petitioner; or (3) the IRS mailed notices of deficiency to petitioner. By letter dated January 7, 1985, petitioner wrote respondent that "[t]his letter shall serve as notice to you that any Consents to Extend Time which have previously been given for imposing assessments for 1980 income tax due is (sic) retracted and terminated." This letter did not contain petitioner's address or social security number. Pursuant to a letter dated August 5, 1986, respondent's Appeal Office in Miami, *659 Florida, notified petitioner that it was considering her case. Petitioner responded by letter dated August 27, 1986, and requested that the Miami Appeals Office clarify which taxable year it had under consideration. By letter dated September 9, 1986, respondent's Miami Appeals Office notified petitioner that it was considering her 1980 taxable year. In an envelope postmarked September 30, 1986, petitioner mailed a Form 872-T to respondent's Examination Division at its North Dade Office in Miami, Florida. On December 19, 1986, respondent issued the statutory notice of deficiency at issue here. In her petition, petitioner asserts that the deficiency notice is untimely because her letter of January 7, 1985, to respondent effectively terminated the Form 872-A extension agreement and issuance of the deficiency notice violated the 90-day time limit allowed by Form 872-A. Conversely, respondent contends that the January letter from petitioner to respondent was not a valid termination of the Form 872-A. Respondent argues that a Form 872-A can only be terminated by the issuance of a statutory notice of deficiency or by notification on Form 872-T by either the taxpayer or the IRS *660 of an intention to terminate Form 872-A. We agree with respondent. Petitioner's argument that respondent's determination is barred by the statute of limitations is misplaced. This Court rejected a similar argument in , wherein we held that a letter from an IRS appeals officer to the taxpayers' counsel was not sufficient to terminate a Form 872-A, and that the parties were bound by the explicit termination provisions of the form. . Because Form 872-A provided that the Commissioner could terminate the agreement only by issuing a statutory notice of deficiency or by executing and mailing a Form 872-T, the appeals officer's letter did not terminate the consent agreement. This Court noted that "the very purpose expected to be served by Form 872-T would be frustrated were the parties free to indulge themselves in whatever form of termination might strike their fancy, regardless of the degree of informality chosen." . Similarly, in , this Court held that letters from a taxpayer's attorney, which sought to terminate *661 a previously executed Form 872-A, did not constitute a Form 872-T and thus did not terminate the taxpayer's consent to extend the period for assessment of tax. We conclude that petitioner's letter of January 7, 1985, was not a Form 872-T as required by the Form 872-A, and therefore was ineffective to terminate the consent agreement. Petitioner did mail a Form 872-T to respondent on or about September 30, 1986, and respondent issued a notice of deficiency on December 19, 1986. Accordingly, we find that the statutory notice which forms the basis of this case was mailed to petitioner within the 90-day period following the mailing of the Form 872-T by petitioner. Respondent's motion for partial summary judgment will be granted. To reflect the foregoing, An appropriate order will be issued.
Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure. ↩